UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-91 (ADM)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

BRYAN DALLAS CRANDALL,

   Defendant.

**MOTION TO FIND SPECIFIC REASONS FOR NO FURTHER DELAY OF PLEA UNDER CARES ACT SECTION 15002(b)(2)**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Robert M. Lewis, Assistant United States Attorney, hereby submits its Motion to Find Specific Reasons for No Further Delay of Plea under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Section 15002(b)(2). Under the CARES Act, the Judicial Conference has found that emergency conditions related to COVID-19 have materially affected the functioning of the federal courts. Further, the Chief Judge for the District of Minnesota has found that felony pleas and sentencings cannot be conducted in-person without seriously jeopardizing public health and safety. Based on the following, the Court should find that specific reasons exist such that a felony plea in this matter should proceed by video teleconference as it cannot be further delayed without serious harm to the interests of justice.

**Factual Background**

The defendant was charged by Information on March 27, 2020, with one count of conspiracy in violation of 18 U.S.C. § 371.  [Dkt. No. 1.]  The defendant has agreed to plead guilty to the offense pursuant to a plea agreement.  The conduct to which the defendant will plead guilty occurred between 2013 and 2017.  The defendant has been under investigation since 2017.  *See* Search Warrant, Crim. No. 17-mj-858 KMM.

On May 28, 2020, counsel for the defendant filed notice of the defendant's consent to a video conference for arraignment and on May 29, 2020 counsel confirmed defendant's consent to a video conference for a change of plea hearing.  Counsel for both the defendant and the government have also consented to conduct the plea hearing by video teleconference.

The defendant, Bryan Crandall, has separately been charged with offenses by the State of Minnesota, *see State v. Crandall*, File No. 78-CR-18-20.  Mr. Crandall has pled not guilty to these state charges, and trial is currently scheduled for late July 2020.  Trial in Traverse County, Minnesota is expected to proceed at that time.

**Teleconferencing Under the CARES Act**

On March 27, 2020, Congress passed the CARES Act, Pub. L. No. 116-136, which allows federal courts that have been materially affected by the coronavirus outbreak to authorize the use of video teleconferencing for certain criminal proceedings.  *Id*. § 15002.  Specifically, felony plea and sentencing hearings may be conducted by video teleconference if (1) "the Judicial Conference of the United States finds that emergency

conditions . . . with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of [ ] the federal courts," (2) the chief judge of a district finds that felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety," and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id*. § 15002(b)(2).

On March 29, 2020, the Judicial Conference made the required finding that emergency conditions due to COVID-19 will materially affect the functioning of the federal courts. *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (March 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19. On March 30, 2020, the Chief Judge for the District of Minnesota issued General Order No. 5, In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19, in which he found felony pleas and felony sentencings in the District of Minnesota "cannot be conducted in person without seriously jeopardizing public health and safety." The Chief Judge ordered

> [I]f a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case.

*Id*. ¶ 2.

## Argument

Because the Judicial Conference and the Chief Judge of the District of Minnesota have made the required findings under the CARES Act, and because defendant and counsel

3

have agreed to appear by video teleconference, to proceed with the plea hearing this Court need only find specific reasons that the plea in this matter cannot be further delayed without serious harm to the interests of justice.

## I. Specific Reasons Exist Such that Mr. Crandall's Plea Cannot be Further Delayed Without Serious Harm to the Interests of Justice

One of the considerations for the United States in agreeing to the terms of the proposed plea agreement is to resolve the guilt of the defendant before needing to indict, and thus to conserve law enforcement and prosecutorial resources in an appropriate way in a case where the defendant is willing to acknowledge his guilt. Delaying this matter will deprive the government of this benefit under the plea agreement.

Moreover, Mr. Crandall faces trial in the state court this summer. If the Court does not proceed to accept his plea at this time, the federal investigation will continue and the defendant will be required to prepare for potential indictment on the current charges and perhaps additional charges, while simultaneously preparing for his state court trial and assisting in his defense in that separate proceeding. Failure to proceed with the entry of his guilty plea at this time may therefore prejudice Mr. Crandall's ability to assist in his defense in the state matter.

## Conclusion

For the foregoing reasons, the Court should find that specific reasons exist such that a felony plea in this matter cannot be further delayed without serious harm to the interests of justice. Counsel for the government has conferred with counsel for defendant, and both

parties agree as to the specific reasons to proceed expeditiously with the plea hearing by video teleconference, currently scheduled for June 18, 2020, at 1:30 p.m. before this Court.

                                          Respectfully Submitted,

                                          ERICA H. MacDONALD
                                          United States Attorney

                                          *s/ Robert M. Lewis*

Dated: June 15, 2020            BY:  ROBERT M. LEWIS
                                              Assistant U.S. Attorney
                                              Attorney ID No. 249488