UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-91 (ADM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRYAN DALLAS CRANDALL,

        Defendant.

**GOVERNMENT'S POSITION REGARDING SENTENCING**

The United States of America, by and through its undersigned attorneys, respectfully submits this memorandum regarding the sentencing of defendant Bryan Dallas Crandall. The defendant pled guilty to conspiracy to commit wire fraud against Cenex Harvest States, in violation of 18 U.S.C. § 371. He cooperated with two employees of the Herman elevator to systematically steal hundreds of thousands of dollars over the course of four years. There are no significant aggravating or mitigating factors here; this is an appropriate case for a sentence within the advisory Guidelines. If the defendant fulfills his obligations under the Plea Agreement prior to sentencing,[1] the Court should sentence the defendant to a term of imprisonment of 18 months.

---

[1] As of this filing, the defendant has yet to supply the financial disclosure form to the government in accordance with Plea Agreement ¶ 12. It is expected that the form will be provided prior to sentencing.

### A.   The Presentence Investigation Report.

The government has no objections to the October 14, 2020 presentence investigation report ("PSR"). The advisory range in the PSR is 18 to 24 months' imprisonment.

### B.   The Appropriate Sentence.

Given the circumstances of this case, the principal 18 U.S.C. § 3553(a) factors supporting a sentence of incarceration are the unique facts of this case, including the defendant's consistent and repeated criminal conduct, and the importance of deterrence. In financial cases especially, deterrence of others is a significant consideration. *See United States v. Ture*, 450 F.3d 352, 357-58 (8th Cir. 2006); *see also* 28 U.S.C. § 994(m); U.S.S.G. § 1A1.4(d) (prior to the Guidelines, "courts sentenced to probation an inappropriately high percentage of offenders guilty of certain economic crimes, such as . . . tax evasion [and] fraud . . . that in the Commission's view are 'serious'"), U.S.S.G. § 2T1.1 cmt. (number of probationary tax sentences should be reduced). Congress and the Sentencing Commission view fraud and tax crimes as serious offenses deserving of imprisonment, even where loss amounts are relatively low. *See, e.g.*, 18 U.S.C. §§ 1341, 1343 (Pub. L. 107-204 § 903) (statutory maximums increased in 2002); U.S.S.G. amends. 154, 577, 617, 653 (bank, mail, and wire fraud); U.S.S.G. amends. 237, 491, 617 (tax fraud). The government respectfully submits that the sentence here should include incarceration.

Bryan Crandall did not, by any stretch, *need* the money he stole. Between 2013 and 2017, his family's farming operation thrived and provided support for them all. No, this crime was one born and sustained by pure greed, and Bryan Crandall benefitted more than any other person involved in this scheme.

His crime also represented a blatant abuse of the system of trust that the farm economy depends on. The defendant was able to commit the crime precisely because the system for selling grain at the CHS elevator in Herman relied on the integrity of as few as two people: the farmer and one scale house employee. In fact, had the defendant's first confederate not prematurely died, he might still be stealing today. When the conspiracy was endangered by the untimely death of his initial partner, Crandall did not take the opportunity to count his ill-gotten blessings and quit. Instead, within weeks he started right up again with a new co-conspirator.

The crime spanned almost four years and was committed daily at times, if not on a weekly basis. It was not a momentary spree, but became part of Bryan Crandall's business and lifestyle, as the number and frequency of his communications with his conspirator show. *See, e.g.*, PSR ¶ 12. Some days saw five or more phony loads being processed, for thousands of dollars each. This crime requires a sentence commensurate with the profitable, brazen, and repetitive fraud that the defendant committed for years.

Given the defendant's conduct and motivation, a sentence within the advisory range is appropriate. A sentence of 18 months' imprisonment would reflect the seriousness of the offense and provide just punishment, promote respect for the law, and adequately deter criminal conduct by the defendant and others. 18 U.S.C. § 3553(a)(2)(A)-(C). This crime cannot be chalked up to a one-time impulse. And it has harmed the victim not only in financial terms but in other ways, as CHS refrained from taking a public stance, so as not to impact the investigation. *See* PSR ¶ 20. Moreover, reminding the public that fraud can result in criminal punishment is as important now as ever.

At the same time, a sentence of one-and-a-half years takes account of appropriate personal factors. While Mr. Crandall may point to a relatively law-abiding life in support of mitigation, the absence of significant criminal history is treated in the Sentencing Guidelines as a starting point, not a basis for a more lenient sentence. U.S.S.G. § 4A1.3(b)(2)(A) & cmt. n.3; *see United States. v. Sheridan*, 270 F.3d 669, 673 (8th Cir. 2001). Moreover, here the defendant's criminal history supports a custodial term. Crandall is presently being prosecuted for financial exploitation of a vulnerable adult, yet another crime associated with his farming operation – his swindle of the victim there resulted in his acquiring farmland from her. PSR ¶ 42. Crandall's concurrent state crime shows that his fraud conspiracy was not, as he may contend, anomalous.

4

Finally, a sentence of 18 months is consistent with punishments of other defendants who pled guilty in fraud and tax cases with comparable loss levels. Although the statistics do not detail facts such as loss amounts, in this district the mean sentence in fraud cases last year was 32 months.  U.S. Sentencing Commission, Statistical Information Packet, Fiscal Year 2019 – District of Minnesota, Table 7.  Such sentences run the gamut of loss amounts.  Thus, for this case, a sentence roughly half that long is reasonable and fair.

## **CONCLUSION**

The Court should sentence Bryan Crandall to a term of 18 months, which is at the bottom of the applicable range.  There is no basis for a departure or variance in this matter, and such a sentence would be fair and account for the pertinent sentencing factors in this case.

Respectfully submitted,

Dated:  October 28, 2020      ERICA H. MACDONALD
United States Attorney

*s/ Robert M. Lewis*

By:  ROBERT M. LEWIS
    Assistant U.S. Attorney